# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PET GIFTS USA, LLC,<br><br>       *Plaintiff*,<br><br>v.<br><br>IMAGINE THIS COMPANY, *et al.*,<br><br>       *Defendants*. | Civil Action No.<br>3:14-cv-3884(PGS)<br><br>**MEMORANDUM<br>AND ORDER** |

Presently before the Court is Plaintiff Pet Gifts USA's Motion for Final Judgment (Fed. R. Civ. P. 54(b)). (ECF No. 119). Defendants oppose this motion because there are remaining counterclaims to be litigated and which may result in piecemeal litigation and appeals.

## BACKGROUND

The facts have been recounted in the Court's March 29, 2018 Memorandum and Order. At its core, the case involves allegations by two competing printing companies involved in the business of creating novelty car magnets (such as dog bones), that each had copied the other's purported designs. In the Court's prior Memorandum and Order, it granted Defendants' motion for summary judgment dismissal of Count VI of Plaintiff's Complaint,[1] which alleged trade dress infringement under N.J.S.A. § 56:4-1. As a result, Defendants' counterclaims, alleging trade dress infringement, defamation, and trade libel, remain. These counterclaims all arise from the same factual allegations discussed in the summary judgment memorandum.

---

[1] Counts I through V of Plaintiff's Complaint had previously been dismissed with prejudice. (ECF No. 72).

1

## LEGAL STANDARD

"Federal Rule of Civil Procedure 54(b) provides a mechanism for rendering a partial final judgment as to some, but not all, parties or claims in a single action." *Hill v. City of Scranton*, 411 F.3d 118, 124 (3d Cir. 2005). The Rule provides, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 7-8 (1980)). "Courts must use their discretion to ensure that application of Rule 54(b) 'effectively preserves the historic federal policy against piecemeal appeals.'" *SEC v. Lucent Techs.*, No. 04-2315, 2009 U.S. Dist. LEXIS 107098, at *10 (D.N.J. Nov. 16, 2009) (quoting *Curtiss-Wright*, 446 U.S. at 8). The Third Circuit has cautioned district courts to be "conservative" in granting Rule 54(b) certifications and to consider five factors in making its determination:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Inv. Grp., Ltd.*, 455 F.3d at 203 (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)); *see also Gerardi v. Pelullo*, 16 F.3d 1363, 1371-72 (3d Cir. 1994).

## Discussion

Here, when considering the factors discussed, the Court sees no reason to grant Rule 54(b) relief. First and foremost, the dismissed claims in Plaintiff's Complaint are all related and based on the same factual allegations that give rise to Defendants' counterclaims; this weighs against granting final judgment. *See Gerardi*, 16 F.3d at 1372. Second, given that the facts underlying Plaintiff's Complaint are identical and intertwined with the allegations presented in Defendants' counterclaims, to grant Rule 54(b) relief at this juncture implicates that the Third Circuit will hear this matter twice. Third, Plaintiff has failed to demonstrate any prejudice if the Court were to deny its request. Simply put, "this case is not the 'infrequent harsh case' for which Rule 54(b) was adopted, and the greater interest of judicial economy controls. *Church & Dwight Co. v. Abbott Labs.*, No. 05-2142, 2007 U.S. Dist. LEXIS 26718, at *9-10 (D.N.J. Apr. 10, 2007) (quoting *Panichella v. Penn. R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958)). As such, Plaintiff's motion is denied.

## Order

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 13th day of August, 2018,

ORDERED that Plaintiff's Motion for Final Judgment (ECF No. 119) is DENIED.

PETER G. SHERIDAN, U.S.D.J.