# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PET GIFTS USA, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> IMAGINE THIS COMPANY, LLC, et al., <br><br> *Defendant.* | Civil No. 14-cv-3884 (PGS)(DEA) <br><br> **MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

The matter comes before the Court on Defendants Imagine This Company, LLC, Twelve Inc., Beverly Moss and Michael Moss (collectively referred to as "Imagine") motion for attorney's fees, ECF No. 145. As the Court previously found, this case involves "allegations by two competing printing companies involved in the business of creating novelty car magnets (such as dog bones), that each had copied the other's purported design." (ECF No. 122). By way of background, Plaintiff and Defendant entered into a contract in which Imagine agreed to print dog bone magnets for Pet Gifts. After completion of the contract, Pet Gifts alleges that Imagine commenced using its design and trade dress for marketing dog bone magnets. Although the facts proved otherwise, it was reasonable under the circumstances for Pet Gifts to deduce same.

Imagine argues that an award of attorney's fees is appropriate on three grounds: first, Section 35 of the Lanham Act permits recovery of reasonable attorney's fees in exceptional cases; second, an award of attorney's fees is appropriate as Rule 11 sanction; and lastly, the attorney's

1

fees are proper here because Pet Gifts' counsel, Rutgers Law Associates, unconstitutionally subsidized Pet Gifts with taxpayer funds, in violation of the New Jersey State Constitution.

In response, Pet Gifts argues that it did not act in bad faith, and that all three of Imagine's arguments are meritless, premature, and brought in bad faith.

I

Section 35 of the Lanham Act permits the recovery of reasonable attorney's fees only "in exceptional cases." 15 U.S.C. § 1117(a). "[A] district court may find a case 'exceptional' when (a) there is an unusual discrepancy in the merits of the positions taken by the parties or (b) the losing party has litigated the case in an 'unreasonable manner.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014)). Whether an "exceptional case" exists rests within the district court's discretion, after considering the totality of the circumstances. *Id.* Courts may consider the following factors in determining whether a fee award is appropriate, including: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness*, LLC, 572 U.S. at 554 n.6. "Courts . . . have awarded fees where the losing party has either pursued baseless claims or engaged in inequitable conduct." *Renna v. Cnty. of Union*, No. 11-3328, 2015 U.S. Dist. LEXIS 1370, at *18 (D.N.J. Jan. 6, 2015).

Additionally, Federal Rule of Civil Procedure 11(b) allows a court to impose sanctions, including attorney's fees, but only in exceptional circumstances where a claim or motion is patently unmeritorious or frivolous. *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1998). Rule 11 provides:

> By presenting to the court – whether by signing, filing, submitting, or later advocating – a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge,

2

> information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The rule provides that if "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c). However, "even where such exceptional circumstances exist, the court is merely authorized, not required, to impose sanctions." *Gonzalez v. Busy Place Early Learning Ctr.*, No. 14-6379, 2015 U.S. Dist. LEXIS 129032, at *14 (D.N.J. Sep. 25, 2015) (citing *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994)).

"The Rule imposes an affirmative duty on the parties to conduct a reasonable inquiry into the applicable law and facts prior to filing." *Bensalem Twp.*, 38 F.3d at 1314 (citing *Business Guides, Inc. v. Chromatic Communications Enters., Inc.*, 498 U.S. 533, 551 (1991)). "An inquiry is considered reasonable under the circumstances if it provides the party with 'an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact.'" *Id.* (quoting *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991), *cert. denied*, 112 S. Ct. 373 (1991) (internal quotation omitted)).

In determining whether a fee award is appropriate, the Court declines to find that this case was exceptional. It appears that Imagine did not disclose at the time of the contract that Imagine was Pet Gifts' competitor, and by undertaking the work, it was inviting Pet Gifts to conclude that Imagine "stole" their idea. As such, no fee is warranted. Courts do not penalize plaintiffs for "being on the losing side of a dispute." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987).

Finally, the argument that Pet Gifts retained Rutgers Law Associates constitutes some type of action that violates the New Jersey Constitution is not cogently presented. Imagine argues that Rutgers subsidized Pet Gifts with taxpayer funds, in violation of the Constitution of the State of New Jersey, which provides: "No donation of land or appropriation of money shall be made by the state or any county or municipal corporation to or for the use of any society, association or corporation whatever." N.J. Const. Art. VIII, § III, para. III. Imagine contend that Rutgers' Law Associates is an organization funded by the taxpayers, and provides legal services at a below market rate, therefore, the State of New Jersey has "effectively appropriated money to a private entity, Pet Gifts, by enabling such a steep discount." Imagine has not cited to any case law that support's the imposition of attorney's fee's against Pet Gifts because of Rutgers involvement. This is an unusual far-fetched issue, and without presenting supporting case law, lacks merit.

In conclusion, after reviewing the record, the Court sees nothing so unreasonable that would warrant the imposition of attorney's fees. Pet Gift's did not act in bad faith in advancing this litigation; nor did it pursue baseless claims or engage in any inequitable conduct. Accordingly, Imagine's motion for Attorney's fees (ECF No. 145) is denied.

## ORDER

This matter having come before the Court on Defendant's motion for Attorney's Fees (ECF No. 145), and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 15 day of July, 2019;

**ORDERED** that Defendant's Motion for Attorney's Fees (ECF No. 145) is DENIED.

_____
PETER G. SHERIDAN, U.S.D.J.